FILED

NOT FOR PUBLICATION

NOV 21 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONALD NAPOLES; LAURINE NAPOLES; RICK NAPOLES; JAMES NAPOLES; MARK NAPOLES; DEBRA WILLIAMS; WADE WILLIAMS,<br><br>     Plaintiffs-Appellants,<br><br>v.<br><br>DESTIN ROGERS; BRIAN PONCHO; EARLEEN WILLIAMS; BISHOP PAIUTE TRIBAL COURT; BILL KOCKENMEISTER; WILLIAM VEGA, Bill; JEFF ROMERO,<br><br>     Defendants-Appellees. | No. 17-16620<br><br>DC No. CV 16-1933 DAD JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:     TASHIMA and MURGUIA, Circuit Judges, and HINKLE,[**] District Judge.

Plaintiffs-Appellants, seven members of the Bishop Paiute Indian Tribe (collectively "Plaintiffs"), a federally recognized Indian tribe, appeal from the district court's dismissal of their petition for a writ of habeas corpus under 25 U.S.C. § 1303, the Indian Civil Rights Act ("ICRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jeffredo v. Macarro*, 599 F.3d 913, 917 (9th Cir. 2010), and we may affirm on any ground supported by the record, *Bd. of Trustees of Const. Laborers' Pension Tr. for S. Cal. v. M.M. Sundt Const. Co.*, 37 F.3d 1419, 1420 (9th Cir. 1994), *as amended on denial of reh'g* (Nov. 23, 1994). We affirm.

The district court may not exercise jurisdiction over a habeas petition arising under 25 U.S.C. § 1303 unless Plaintiffs have exhausted their tribal remedies. *See Alvarez v. Lopez*, 835 F.3d 1024, 1027 (9th Cir. 2016). This requirement is rooted in the "policy of nurturing tribal self-government," and thus a federal court must "stay its hand until the party has exhausted all available tribal remedies." *Jeffredo*, 599 F.3d at 918 (internal quotation marks omitted). Plaintiffs have not exhausted the available tribal remedies. Plaintiffs argue they were detained within the

---

[**] The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

2

meaning of § 1303 because they have been evicted from property in which they claim a possessory right and because the tribal police issued trespass citations against them. Plaintiffs conceded, both in their motion for a stay before the district court and at oral argument, however, that a tribal court decision considering the validity of the trespass citations and their claim to the property is currently on appeal before the recently reinstated tribal appellate court. Because an appeal is pending in tribal court regarding the subject of Plaintiffs' § 1303 habeas claim, Plaintiffs have not exhausted their tribal remedies and the district court did not have jurisdiction. *Jeffredo*, 599 F.3d at 918.[1]

The district court's order dismissing the petition is

**AFFIRMED.**

---

[1] Because we affirm the dismissal of Plaintiffs' ICRA habeas petition for failure to exhaust tribal remedies, we do not reach the other issues tendered on this appeal, including whether Plaintiffs were "detained" within the meaning of § 1303,